(No. 74-CV-4–)

JAMES H. DEIR, as father of THOMAS DEIR, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1975.*
*Amended opinion filed January 27, 1975.*

JAMES D. BIGGS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal homicide which occurred on October 31, 1973, at 6651 South Hoyne Avenue, Chicago. James H. Deir, father of the deceased, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act (hereafter referred to as the "Act") *Ill.Rev.Stat., 1973, Ch. 70, §71 et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates the matters as set forth in the application; that on October 31, 1973, at 8:00 p.m., Thomas Deir, age 16, of 6601 South Hamilton Street, Chicago, was sitting on the front porch of a friend's home when he was struck in the head by a bullet fired from the revolver of a man who was running from an attempted gas station robbery. The victim was rushed to Holy Cross Hospital where an emergency craniotomy was performed. The victim remained in critical condition and expired on November 5, 1973.

Victor J. Welch, age 17, of 1234 West 97th Place, Chicago, was arrested by the Chicago Police Department, Area 3 Homicide and charged with the murder of Thomas F. Deir. Welch confessed to the murder, and his confession substantiates the events set forth by the claimant in his application.

A detailed summary of the facts and information considered by the Court is contained in an investigative report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported herein are incorporated in this opinion by reference.

Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. The claimant is the father of a victim of a violent crime covered under the "Act", to wit:

"Murder, Ill. Rev. Stat., 1973, Ch. 38, Sec. 9-1."

2. That the claimant has suffered pecuniary loss in excess of $200 compensable by Sec. 4 of the Act to wit:

A. Hospital Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,762.00
B. Doctor Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 980.00
C. Funeral Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Preparation & Casket . . . . . . . . . . . . . . . . . . . . .$1,265.00
Cemetery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 160.00
Clergyman . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35.00
Obituary Notices . . . . . . . . . . . . . . . . . . . . . . . 39.75
Copies of Death Certificate . . . . . . . . . . . . . . . . 7.00
Flowers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110.25

$1,617.00

TOTAL EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . $4,359.00

The Assistant Attorney General felt that it was for the Court to determine whether the cost of obituary notices and flowers contained in the funeral bill are compensable under the Act. As the Court reads the Act as a whole it is apparent that it was the legislative intent that the Court should apply the rule of reasonableness in determining the compensable amount for funeral and burial expenses. In this particular case and in the light of all the circumstances attending this tragic loss, the Court feels that all items in this particular funeral bill are reasonable and should be compensable.

TOTAL COMPENSABLE EXPENSES . . . $4,359.00
Less $200.00 deductible which the Court is required by statute to deduct from all claims . . . −$ 200.00

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . $4,159.00

3. That the appropriate law enforcement officials, Chicago Police Department, Area 3 Homicide, were promptly notified of the perpetration of the crime allegedly causing the injury to the victim.

4. That claimant has cooperated with law enforcement officials to the fullest extent possible under the circumstances and that the assailant, Victor Welch, age

17 of 1234 West 97th Place, Chicago, Illinois, has confessed to the murder of the victim.

5. That the victim and his assailant were not related and sharing the same household.

6. That the injury to the victim was not attributable to his wrongful act or substantial provocation of his assailant.

7. That a Notice of Intent to File a Claim was duly filed as required by the Act. That claimant's Application, Subrogation Agreement and Authorization for Records and Reports were timely filed with the Court.

8. That at the conclusion of a hearing held before this Court it was determined that the proof submitted in support of this claim satisfied all the requirements of the Act.

9. That this claim is therefore compensable under the Act.

10. That the amount of compensation due the claimant is $4,159.00 as determined by Sec. 4 and 7 (d) of the Act.

IT IS HEREBY ORDERED that the sum of $4,159.00 (FOUR THOUSAND ONE HUNDRED AND FIFTY NINE DOLLARS) be awarded, James H. Deir, the father of Thomas Deir, an innocent victim of a violent crime.

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of $4,159.00. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation

to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment up to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $3,159.01 be referred forthwith to the General Assembly for its approval.